**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Pro Ag Management, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-2066-JWB-BGS |
| v. | ) | |
| | ) | |
| AgriSompo North America, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER ON UNOPPOSED MOTIONS TO SEAL

Before the Court are Plaintiff Pro Ag Management, Inc.'s Unopposed Motion to Seal Exhibit 15 to AgriSompo Defendants' Opposition to Plaintiff's Motion to Amend Complaint (Doc. 169) and AgriSompo Defendants' Unopposed Motion to Seal and Redact Exhibits Q1–Q3 to the Declaration of Quinn Huhmann and Exhibits 1, 2, 4–8, and 17 to their Opposition to Motion to Amend (Doc. 170). Although the motions are unopposed, the Court will decide them on their substantive merits considering the public's right of access to judicial records, discussed *infra*. For the reasons stated below, the Court **DENIES without prejudice** Plaintiff's motion (Doc. 169) and **GRANTS** the motion filed by the AgriSompo Defendants. (Doc. 170.)

## Background

This case involves Plaintiff's federal and state law claims for violations of trade secrets, breach of contract, and tortious interference. Plaintiff filed its federal court Complaint on February 2, 2026 (Doc. 1) wherein it contends Defendants misappropriated Plaintiff's trade secrets, including a customer list, claims files, and other non-public confidential information. (*See generally id.*)

Plaintiff continues that Defendant Jami Wells, who was employed as an adjuster by Plaintiff, breached her contract with Plaintiff upon taking a job with AgriSompo. (See id., at 11.) More specifically, Plaintiff alleges that Wells, while still employed by Plaintiff, "sent a customer list to her

future employer, Defendant AgriSompo, through an employee of Defendant AgriSompo, Defendant Kayla Lindsey, and [Wells] also transferred hundreds of claims files to at least three different external drives, whose destination was to be determined through the forensic protocol." (Doc. 75, at 2 (citing Doc. 1, ¶¶ 1-12).) Defendant Lindsey responded to Defendant Wells by email that the Customer List will "help tremendously next year." (Doc. 1, at ¶ 7.)

In the operative Complaint, Plaintiff brings claims for misappropriation of trade secrets pursuant to 18 U.S.C. § 1836, et seq. and K.S.A. 60-3320, et seq. against all Defendants (Counts I and II), breach of contract and breach of fiduciary duty against Defendant Wells (Counts III and IV), tortious interference with contract against all Defendants (Counts VII and VIII (against AgriSompo and Lindsey only)), tortious interference with business expectancy against all Defendants (Count IX), unjust enrichment against all Defendants (Count X), and civil conspiracy against all Defendants (Count XI). (*Id.*, at 15-24.)

Defendants generally deny Plaintiff's claims. They specifically deny any trade secrets were misappropriated or that any information claimed to be a trade secret was used by Defendants in any way, including to divert business from Plaintiff. Further, Defendant Wells denies personal jurisdiction. (*See generally* Docs. 62, 72, 77.)

Additional facts relating to the progression of this case – particularly Plaintiff's Motion for a Temporary Restraining Order, the parties' Stipulated Order of Injunction (Doc. 25), and the issues surrounding the parties' Stipulated Forensic Examination Order (Doc. 75) – are summarized in the Order Granting Motion to Enforce Forensic Examination Order previously entered by the undersigned Magistrate Judge. (*See* Doc. 92, at 1-5.) Those facts are incorporated herein by reference.

Currently pending before the undersigned is Plaintiff's Motion for Leave to Amend the Complaint.[1] (Doc. 154.) Therein, Plaintiff seeks to amend its operative pleading based on recent

[1] That motion will be resolved by separate Order.

discovery, including an allegedly "key deposition" that occurred in September 2026. (*Id.*, at 1.) According to Plaintiff, the evidence indicates that Defendant AgriSompo enacted an allegedly "broader scheme" to harm Plaintiff. (*Id.*) That stated, Plaintiff contends that the proposed amendment "streamlines" the case by removing Kayla Lindsey as a party Defendant while refocusing the existing tortious interference with contract claim on the alleged new evidence of AgriSompo's efforts to cause third-party AgRisk Solutions, Inc. to breach its agency agreement with Plaintiff. (*Id.*)

The AgriSompo Defendants oppose Plaintiff's proposed amendment and, in support of their responsive briefing, provisionally filed certain exhibits under seal. (*See generally* Docs. 162 and 163 and exhibits thereto.) Plaintiff's motion to seal (Doc. 169) relates only to Exhibit 15[2] to Defendant's response is the agency contract between Plaintiff and third-party insurance agent Ag Risk Solutions, Inc. ("Ag Risk"). Pursuant to the Protective Order entered in this case, Plaintiff designated that contract "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Plaintiff asserts that Exhibit 15 contains its commission structure with Ag Risk, the commission-payment schedule, circumstances under which commissions may be reduced, and the practices and services Plaintiff entrusts Ag Risk to perform. (Doc. 169, at 2.) Plaintiff contends that disclosure would give competitors an unfair advantage when negotiating with Ag Risk and other agencies and would cause financial harm to Plaintiff and Ag Risk. (*Id.*, at 3.)

In the second motion to seal, the AgriSompo Defendants seek to maintain under seal the unredacted versions of Exhibits Q1–Q3 to the Huhmann Declaration and Exhibits 1, 2, 4–8, and 17 to their opposition, while filing redacted versions on the public docket[3]. (*See generally* Doc. 170.) Those

---

[2] For the sake of clarity, the Court will refer to the exhibit in question (the agency contract) as "Exhibit 15." It is, however, identified on the Docket as Doc. 163-10.

[3] Again for the sake of clarity, the Court will refer to the exhibits in question in the manner in which the movant refers to them. They are, however, identified on the docket as Docs. 163-01 (exhibits Q1–Q3 to the Huhmann Declaration) through -9, and Doc. 163-11.

exhibits include transfer forms, production reports, a summary table, and an obituary that contain or could reveal third-party producer information, including names, contact information, Social Security numbers, policy numbers, crop and production information, farm locations, land descriptions, and related identifying information.

The AgriSompo Defendants contend that the proposed public versions would preserve information relevant to the motion to amend, including print-date information and indicators of the process used to populate transfer forms. (*Id.*, at 4, 7.) They also represent that their proposed redactions are limited to protected producer information and specified third-party electronic identifiers. (*Id.*, at 8.)

## Legal Standard

There is a well-established common-law right of access to judicial records, although that right is not absolute. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). A party seeking to seal judicial records must overcome the presumption that the public has a common-law right of access. *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011) (citations omitted). To do so, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). *See also United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (holding that a court may seal documents when competing interests outweigh the public's right of access).

Under D. Kan. Rule 5.4.2(c), the proponent of sealing or redaction must identify the specific information to be protected, explain why the interest in confidentiality outweighs the presumption of public access, identify a clearly defined and serious injury that would result from disclosure, and explain why no lesser alternative would adequately protect the asserted interest. Sealing must be narrowly tailored, and a protective-order designation does not itself establish that material should

remain inaccessible to the public. *Rea v. McKesson Distr. Holdings, LLC*, No. 26-2170-HLT-JBW, 2026 WL 1396132, at *1 (D. Kan. May 19, 2026).

Business information may warrant protection when its disclosure could harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598. But the proponent must demonstrate that the particular information is confidential and that the requested restriction is no broader than necessary.

## Analysis

### I. Plaintiff's Motion to Seal Exhibit 15 (Doc. 169).

Plaintiff's motion relates to its entire contract with the third party agent AG Risk Solutions (hereinafter "Ag Risk"). The document was attached as Exhibit 15 to the AgriSompo Defendants' response in opposition to Plaintiff's motion to amend. While the Court finds that Plaintiff generally identifies categories of commercially sensitive provisions and describes competitive harm from their disclosure, the present motion does not establish that Exhibit 15 should be sealed in its entirety.

First, describing a contract as non-public is not equivalent to showing that the contract is confidential. Confidentiality alone does not create a privilege or justify withholding otherwise discoverable material; an appropriate protective order ordinarily can address legitimate confidentiality concerns. See *Tahirkheli v. Ascension Via Christi Hosp. Pittsburg, Inc.*, No. 24-2426-EFM-BGS, 2026 WL 221140, at *4 (D. Kan. Jan. 28, 2026) (compelling confidential material subject to an existing protective order); *Edelman Fin. Engines, LLC v. Mariner Wealth Advisors LLC*, No. 23-2515-HLT-BGS, 2025 WL 2374162, at *4 (D. Kan. Aug. 14, 2025) (relying on an existing protective order to safeguard confidential business information while permitting discovery).

While the motion states that Exhibit 15 "is not public," Plaintiff does not identify a contractual provision requiring Plaintiff or Ag Risk to keep the contract, or all of its terms, confidential. Further, the motion does not establish that Ag Risk is prohibited from disclosing or publicly posting the agreement or the particular terms Plaintiff seeks to protect.

The proposed Amended Complaint (Doc. 154-1) does not resolve this deficiency. It alleges that the Ag Risk contract prohibits Ag Risk from disclosing "Confidential Information" to a third party without Plaintiff's express written permission. It further alleges that the contract defines "Confidential Information" to include financial information and policyholder or customer data. Those allegations may support protection for financial or policyholder information falling within that definition, but they do not establish that the contract itself, its commission provisions, or all other contractual terms are subject to a nondisclosure obligation.

The proposed Amended Complaint also alleges that Plaintiff's internal Business Confidentiality Policy protects the identity and terms of agreements between Plaintiff and its business partners. (Doc. 154-1, at 9.) The identified policy, however, governs Plaintiff's employees. The present motion fails to explain how the policy binds or otherwise prevents Ag Risk from disclosing the agreement.

Second, Plaintiff has not shown that sealing the entire exhibit is narrowly tailored. Plaintiff's position is primarily focused on commission terms, payment schedules, commission-reduction provisions, and particular services. The motion fails to explain how targeted redactions would not protect those provisions while leaving the balance of the contract available for the public to access. As the party seeking to seal the document at issue, Plaintiff bears a "heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents." *Elevate Fed. Credit Un. V. Elevations Credit Un.*, 67 F.4th 1058, 1085 (10th Cir. 2023) (citing *McWilliams v. DiNapoli*, 40 F.4th 1118, 1130–31 (10th Cir. 2022). "Vague and conclusory statements do not meet this burden." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (denying a motion to seal when the parties presented a conclusory statement that confidentiality would promote their business interests)).

The Court therefore **DENIES** Plaintiff's motion (Doc. 169) **without prejudice**. On or before **November 6, 2026**, Plaintiff may submit a renewed motion limited to specific contractual provisions. Any renewed motion must identify the precise language to be redacted, establish why that language is confidential rather than merely non-public, identify any contractual or legal restriction on disclosure by each contracting party, describe the specific injury likely to result from disclosure, and explain why each proposed redaction is no broader than necessary.

**II. AgriSompo Defendants' Motion to Seal and Redact (Doc. 170).**

The second unopposed motion to seal, filed by the AgriSompo Defendants, expressly seeks leave to file public, redacted versions of the documents at issue while maintaining the unredacted versions under seal. The AgriSompo Defendants complied with the procedural requirement concerning proposed redactions by sending unredacted copies with the proposed redactions to chambers for the undersigned on October 27, 2026, with counsel of record copied.

The proposed redactions principally concern personal identifying information and farm data belonging to third-party producers, including Social Security numbers, birth information, contact information, policy numbers, crop and production information, and farm locations. (*Id.*, at 5.) The Court finds that the privacy interests of third parties – as well as the parties' asserted confidentiality obligations – outweigh the limited public interest in these narrowly focused identifying details.

The motion asserts that approved insurance providers may not publicly disclose information furnished by producers except under specified circumstances. (*Id.*, at 6.) It continues that Fed. R. Civ. P. 5.2(a) requires redaction of specified portions of Social Security numbers and dates of birth. (*Id.*) Those interests of the producers establish a clearly and narrowly defined risk of injury from unrestricted disclosure to the public.

Of particular note is Exhibit 4 (Doc. 163-5), an obituary, which is a public document available on the internet. Defendants explain, however, that the individual(s) discussed in this exhibit are

producer-policyholders, which is not information. (Doc. 170, at 8-9.) As a result, producer-policyholders identified in Exhibit 17 (Doc. 163-18) are the subject of the obituary at Exhibit 4 (Doc. 163-5). The Court finds that requiring the filing of an unredacted version of the obituary would defeat the purpose of sealing the portions of Exhibit 17 that contain the personally identifiable information of these producer-policyholders. The proposed redacted information in the obituary contains details that sufficiently distinguish the individuals identified therein to enable tracing via internet search of the protected personally identifiable information of the subject producer. The Court therefore allows the redactions in these specific and limited circumstances to comply with the provisions of the Standard Reinsurance Agreement,[4] which prohibits public disclosure by the parties of information received from producers.

The Court thus finds the requested redactions to be narrowly tailored. Publicly filing redacted versions will permit access to the relevant substance of the exhibits while protecting third-party identities and associated personal or agricultural information. Maintaining the unredacted versions under seal is necessary because public filing of those versions would defeat the purpose of the redactions. The motion of the AgriSompo Defendants is, therefore, **GRANTED**.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Unopposed Motion to Seal Exhibit 15 (Doc. 169) is **DENIED without prejudice**. On or before **November 6, 2026**, Plaintiff may submit a renewed motion limited to specific contractual provisions as discussed *supra*.

IT IS FURTHER ORDERED that, by **November 6, 2026**, Plaintiff shall either file a renewed motion satisfying D. Kan. Rule 5.4.2 and submit to chambers an unredacted copy of Exhibit 15 with each proposed redaction highlighted in yellow, or notify AgriSompo Defendants that Plaintiff no

[4] 2027 Standard Reinsurance Agreement at 30, Sec. IV(a)(5), available at *https://www.rma.usda.gov/sites/default/files/2026-03/SRA_2027.pdf*.

longer seeks restricted access. The Court will maintain Exhibit 15 provisionally under seal; if no motion is filed by the deadline, the Court will direct the Clerk to unseal it.

IT IS FURTHER ORDERED that AgriSompo Defendants' Unopposed Motion to Seal and Redact (Doc. 170) is **GRANTED**. The unredacted versions of Exhibits Q1–Q3 to the Declaration of Quinn Huhmann and Exhibits 1, 2, 4–8, and 17 to AgriSompo Defendants' opposition shall remain under seal.

IT IS FURTHER ORDERED that AgriSompo Defendants shall file the approved redacted versions of those exhibits on the public docket by **November 6, 2026**.

IT IS FURTHER ORDERED that the Clerk shall permanently seal the following documents: Docs. 163-1, Doc. 163-2, Doc. 163-3, Doc. 163-4, Doc. 163-5, Doc. 163-6, Doc. 163-7, Doc. 163-8, Doc. 163-9, and Doc. 163-11. Additionally, Doc. 163-10 shall remain provisionally under seal until further Order of the Court.

IT IS SO ORDERED.

Dated this 30th day of October, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge